# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROWENA JO WERTH,**               )
                                    )
       **Plaintiff,**             )
                                    )
**v.**                              )    Case No. 09-1015-JTM
                                    )
**USD 259 School District, City of Wichita,** )
**and the Wichita Police Department,**    )
                                    )
       **Defendants.**            )
                                    )

## MEMORANDUM AND ORDER

This matter is before the court on the City of Wichita's motion for a more definite statement (Doc. 12) and plaintiff's motion for the appointment of counsel (Doc. 15). The court's rulings are set forth below.

**1. Motion for More Definite Statement**

Plaintiff's complaint contains the following limited allegations:

> The above [a]forementioned did willfully and unlawfully cause criminal acts, terroristic threats, harass and attempt to cause harm.

> * * *

> **Statement of Claim:**

> My name is Rowena Werth, 316-806-5190. I was able to prove USD 259 discriminated against (5) schools worth of children with special needs. My family and other families have been harassed, threatened and retaliated against by the entities mentioned. 8 months after filing with the FBI, Washington, DC., they said my case was sent to Wichita FBI.

> When they checked my case did not exist. I faxed it again and the confirmation from the first fax.
>
> **Relief:**
>
> 400 million dollars and change in the Wichita City Govt. I want to make sure they never do this to another family.

Plaintiff repeats these allegations in a two-page attachment to her complaint and adds "My family has been harassed and/or retaliated against by U.S.D. 259, the City of Wichita Family Court (Fleetwood) and/or WPD and DEA."

The City argues that plaintiff's complaint lacks "the minimal level of specificity" and moves for a more definite statement of plaintiff's claims under Fed. R. Civ. P. 12(e). The court agrees. The allegations against the City are so vague and ambiguous that the defendant cannot reasonably prepare a response. Accordingly, the City's motion shall be granted and plaintiff shall file a more definite statement detailing her claims of discrimination and retaliation against the City. Specifically, plaintiff shall set out *in detail* (1) the specific individuals representing the City who engaged in the alleged acts of discrimination and/or retaliation, (2) what happened, (3) when the acts of discrimination and/or retaliation occurred, and (4) where the wrongful acts occurred. Conclusory allegations that the City discriminated or retaliated are not sufficient.

**IT IS THEREFORE ORDERED** that the City's motion for a more definite statement **(Doc. 12)** is **GRANTED.** Plaintiff shall file her statement with the clerk of the court and mail a copy to the City's attorney on or before **June 19, 2009.** Failure to comply

with this order may result in an order striking the claims against the City.

**2. Motion for the Appointment of Counsel**

In evaluating whether to appoint counsel to represent plaintiff, the court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  See Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992).  Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time.  Id. at 1421.

After careful consideration, the court declines to appoint counsel to represent plaintiff at this time.  Plaintiff's application reflects that she has insufficient funds to hire an attorney to represent her and that she contacted one attorney in Wichita and the Kansas Bar Association referral service without success.  However, the allegations in plaintiff's complaint are so vague that the court is unable to determine whether there is any merit to her claims which would justify the voluntary assistance of an attorney.  Moreover, plaintiff's request for "400 million dollars" in damages suggests unreasonable expectations given the limited allegations presented in the complaint.  Under the circumstances, the court declines to appoint counsel.

**IT IS THEREFORE ORDERED** that plaintiff's "application for appointment of counsel" **(Doc. 15)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of June 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge