IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROWENA JO WERTH, on behalf of J.A.W.,
JOSHUA HEPHNER, MARK A WERTH,
JR., and JENNIFER MANKINS,

      Plaintiffs,

vs.                               Case No. 09-1015-JTM

USN 259 SCHOOL DISTRICT, CITY OF
WICHITA, WICHITA POLICE
DEPARTMENT,

      Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motions to Dismiss filed by defendants Unified School District No. 259 (Dkt. No. 10) and the Wichita Police Department (Dkt. No. 13). The District seeks dismissal on the grounds that the court lacks both subject matter jurisdiction (for failure to exhaust administrative remedies), and personal jurisdiction (because the District has not been served with process consistent with Fed.R.Civ.P. 12(b)(5)). The District seeks dismissal on the grounds that it is a subunit of the City of Wichita, rather than an independent legal entity.

The plaintiffs have submitted no response to the defendants' motions. Instead, they have moved for appointment of counsel. Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th

Cir.2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57.

The court will not appoint counsel. Werth does not reveal, as contemplated in the standard motion form she submitted, that she consulted with any specific lawyers and been denied representation. Rather, she states that she spoke on the telephone with "Debbie" at the Kansas Bar Association, who told her "after my 41 min. hold" that no attorneys were willing to "touch this case." (Dkt. No. 15 at 2). The court finds that plaintiff has not shown that she directly consulted or attempted to consult with any named counsel and was denied representation. Further, there is no indication at the present time that plaintiff cannot present the basic facts of the case herself.

The court will grant the defendants' Motions to Dismiss both for good cause shown, and pursuant to D. Kan. R. 7.4

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that the defendants' Motions to Dismiss (Dkt. No's 10, 13) are granted, the plaintiffs' Motion for Appointment (Dkt. No. 15) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE